IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03366-BNB

LEO SIMMONS,

    Plaintiff,

v.

TOM CLEMENTS, Executive Director (CDOC),
JAMES FALK, Warden, Sterling Correctional Facility, and
ANDREA WILSON, Time and Release/Tech III,

    Defendants.

---

ORDER DENYING LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915

---

    Plaintiff, Leo Simmons, a *pro se* prisoner litigant, is in the custody of the Colorado Department of Corrections (DOC) and currently is held at the correctional facility in Sterling, Colorado. Mr. Simmons initiated this action by filing a Prisoner Complaint and a Prisoner's Motion and Affidavit. On February 25, 2013, Magistrate Judge Boyd N. Boland entered an Order directing Mr. Simmons to show cause why he should not be denied leave to proceed pursuant to 28 U.S.C. § 1915 because he is subject to filing restrictions under 28 U.S.C. § 1915(g). Mr. Simmons filed a Response on March 14, 2013.

    For the reasons stated below, Mr. Simmons will be denied leave to proceed pursuant to § 1915.

    In relevant part, § 1915 provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on

> the grounds that it is frivolous, malicious, or fails to state a
> claim upon which relief may be granted, unless the prisoner
> is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Magistrate Judge Boland noted in the Order to Show Cause that on three or more prior occasions Mr. Simmons has brought an action that was dismissed because it failed to state a claim upon which relief may be granted. *See Simmons v. Suthers, et al.*, 99-cv-01228-RPM (D. Colo. June 2, 2000) *appeal dismissed*, No. 00-1249, 2001 WL 497369 (10th Cir. May 10, 2001) (dismissing the appeal on the ground that it is frivolous; counts as a strike for purposes of § 1915(g)) (not selected for publication); *Simmons v. Suthers*, 99-cv-00921-ZLW (D. Colo. Sept. 28, 1999) *appeal dismissed*, No. 99-1472, 2000 WL 377470 (10th Cir. Apr. 12, 2000) (district court dismissal construed as one under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim) (not selected for publication); *Simmons v. No Named Defendant*, No. 99-cv-01223-ZLW (D. Colo. Aug. 10, 1999) *appeal dismissed*, No. 99-1395, 1999 WL 1243082 (10th Cir. Dec. 21, 1999) (dismissing the appeal on the ground that it is frivolous; counts as a strike for purposes of § 1915(g)) (not selected for publication). Each of the dismissals in the above-noted cases qualify as a strike under § 1915(g). *See Hafed v. Fed. Bureau of Prisons, et al.*, 635 F.3d 1172 (10th Cir. 2011). This Court agrees with Magistrate Judge Boland's finding.

In the Response, Mr. Simmons asserts that he is in imminent danger because (1) he has been placed in a cell with lifer prisoners; (2) he has been held past his statutory discharge date; (3) the S.O.R.T. team and Sergeant Ladd made him lay naked on the floor and would not allow him to move or he would be killed; and (4) the Court acts as an advocate for the DOC and the Attorney General's Office.

Mr. Simmons is required to provide "specific fact allegations of **ongoing** serious

physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added). Vague or conclusory allegations of harm are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). Mr. Simmons claims are conclusory and vague. Therefore, because he fails to assert within any specificity that he is in imminent danger of serious physical injury and because he has filed at least three actions in a federal court that have been dismissed as legally frivolous or for failure to state a claim his § 1915 Motion will be denied.

If Mr. Simmons wishes to pursue his claims in this action he must pay the $350.00 filing fee pursuant to 28 U.S.C. § 1914(a). Mr. Simmons is reminded that, even if he pays the filing fee in full, a review of the merits of his claims is subject to 28 U.S.C. § 1915(e)(2), and the action may be dismissed notwithstanding any filing fee if the claims are found to be frivolous or malicious, lacking in merit, or asserted against a defendant who is immune from suit. Accordingly, it is

ORDERED that the Prisoner's Motions and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, ECF. No. 3, is denied. It is

FURTHER ORDERED that Mr. Simmons shall have **thirty days from the date of this Order** to pay the entire $350.00 filing fee if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that if Mr. Simmons fails to pay the entire $350.00 filing fee within the time allowed, the Complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that the only proper filing at this time is the payment of the $350.00 filing fee. It is

FURTHER ORDERED that ECF No. 10 is a Response and not a Motion to Show Cause.  The Clerk of the Court is directed to discharge the Motion.

DATED April 4, 2013 at Denver, Colorado.

                              BY THE COURT:

                              s/Lewis T. Babcock
                              LEWIS T. BABCOCK, Senior Judge
                              United States District Court